UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ESTEBAN BONILLA JIMENEZ,<br><br>Petitioner,<br><br>v.<br><br>CURRENT OR ACTING WARDEN OF CALIFORNIA CITY DETENTION FACILTY,<br><br>Respondent. | No. 1:26-cv-07711-DAD-JDP (HC)<br><br><u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR APPOINTMENT OF COUNSEL AS MOOT</u><br><br>(Doc. Nos. 1, 3, 4) |

On September 21, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order seeking his immediate release from custody (Doc. No. 3), and a motion for appointment of counsel (Doc. No. 4). On September 24, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cited cases that this court has decided. (Doc. No. 7.)

/////

On September 25, 2026, respondent filed a response to the petition. (Doc. No. 8.) In that response, respondent failed to distinguish this case from the cases cited in the court's order but instead argued that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A). (*Id.* at 1–3.) On November 3, 2026, the court issued an order granting petitioner's motion to proceed *in forma pauperis* and directed respondent to file supplemental briefing within seven (7) days addressing whether petitioner had been provided a bond hearing. (Doc. No. 10.) On November 6, 2026, respondent filed a supplemental brief as directed. (Doc. No. 11.)

Based upon the parties' submissions, the court finds the following facts. Petitioner is a noncitizen of the United States, a native and citizen of Colombia, who last entered the United States on an unknown date and at an unknown location without inspection or parole. (Doc. Nos. 8-1 at 1–2, 3; 1 at 4–6.) On September 3, 2026, petitioner came to the attention of immigration officials pursuant to a referral from the Alien Criminal Response Information Management System ("ACRIMe") based on his alleged October 20, 2023 conviction in the Santa Clara County Superior Court for sexual battery and attempting to prevent a victim from reporting a crime. (Doc. No. 8-1 at 2–3.) On September 9, 2026, immigration agents issued a warrant for arrest (Form I-200). (*Id.* at 8.) On September 11, 2026, immigrant agents conducted a targeted enforcement operation against petitioner and arrested and detained him at his last known address. (*Id.*) On that same date, immigration agents served a notice to appear on petitioner thereby commencing removal proceedings. (Doc. No. 8-1 at 2, 4–6.) The evidence submitted by respondent shows that petitioner was provided with a notice of custody determination (Form I-286) at the time he was arrested and detained. (Doc. No. 8-1 at 7–9.)

The undersigned has previously explained that the Immigration & Nationality Act mandates a bond hearing for noncitizens who have been detained by immigration authorities and who have: (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention. *Quichimbo-Jimenez v. Warden,* No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026). Further, this court has recognized that the different detention authority statutes carry crucial differences between permissive detention and mandatory detention. *Id.*

The Ninth Circuit has also previously concluded "permissive and mandatory descriptions are in harmony, as they apply to different situations." *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1081 (9th Cir. 2015). Relevant here is the mandatory detention statute found at 8 U.S.C. § 1226(c)(1)(A). While § 1226(a) allows the government to detain or release noncitizens while their removal proceedings are pending, § 1226(c)(1)(A) imposes mandatory detention on certain noncitizens. *See* 8 U.S.C. § 1226(c)(1) ("The Attorney General shall take into custody …); *see also* 8 U.S.C. § 1226(c)(4) (allowing release only if the Attorney General deems it necessary for witness protection and if the Attorney General determines such noncitizen witness will not pose a danger or flight risk). Section 1226(c)(1)(A) mandates detention of a noncitizen who is "inadmissible by reason of having committed any offense covered in section 1182(a)(2)[.]" In turn, § 1182(a)(2) includes noncitizens who have committed crimes involving moral turpitude. 8 U.S.C. § 1226(c)(1)(A), 1182(a)(2)(A).

Here, respondent has offered evidence that sexual battery related criminal charges were filed against petitioner in California state court. (Doc. No. 8-2 at 1–57.) Additionally, respondent argues that petitioner is subject to mandatory detention under § 1226(c)(1)(A) for having been convicted of a qualifying crime involving moral turpitude based on his alleged convictions in the Santa Clara County Superior Court on charges of sexual battery and attempting to prevent a victim from reporting a crime in violation of California Penal Code §§ 243.4(a) and 136.1(b)(1). (Doc. No. 8 at 2–4.) First, the evidence submitted by respondent shows petitioner was convicted as alleged and received a 364-day sentence of confinement. (Doc. No. 8-2 at 5–6.)

In light of his convictions, the court finds that petitioner is subject to mandatory detention under § 1226(c)(1)(A). *See Gonzalez-Cervantes v. Holder*, 709 F.3d 1265, 1267 (9th Cir. 2013) (holding that California Penal Code § 243.4(e) is a crime involving moral turpitude); *People v. King*, 183 Cal. App. 4th 1281, 1319 (2010) ("Misdemeanor sexual battery [§ 243.4(e)] is a lesser included offense of sexual battery by restraint [§ 243.4(a)]."). While the court observes that, although petitioner was not provided advance notice of his detention by immigration authorities, he did receive a notice of custody determination (Form I-286). (Doc. No. 8-1 at 7–9.) In any event, the court is not aware of any authority, and petitioner cites none, that would require the

government to provide a noncitizen with notice and a hearing prior to invoking the mandatory detention provisions at § 1226(c). Rather, the statute is clear that the noncitizen must immediately be taken into custody. *Medina Soto v. Robbins,* No. 1:25-cv-01954-KES-SKO (HC), 2026 WL 657702, at *3 (E.D. Cal Mar. 9, 2026); *Jennings v. Rodriguez,* 583 U.S. 281, 303 (2018) (holding that § 1226(c) mandates detention of any noncitizen falling within its scope and that detention may end prior to the conclusion of removal proceedings "only if" the noncitizen is released for witness-protection purposes.")

The court also observes that before the mandatory detention provisions apply, a particular ground of inadmissibility is required. 8 U.S.C. § 1226(c)(1)(A). Petitioner, however, has not submitted any documentation demonstrating his lawful entry into the United States. (Doc. No. 1 at 13.) Instead, respondent has submitted evidence that shows petitioner unlawfully entered the United States. (Doc. No. 8-1 at 1–3.) Further, petitioner was just detained on September 11, 2026. (*Id.*) Thus, the court finds the petitioner's arguments that his detention is prolonged to be unpersuasive. *See e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (noting that "six months is a presumptively reasonable period" of detention to secure removal).

Because petitioner has not carried the burden of establishing that he is likely to succeed on the merits of his claims, the court need not consider the other *Winter* factors. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors.") (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)). Therefore, the Court will deny petitioner's motion for temporary restraining order.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for temporary restraining order (Doc. No. 3) are DENIED as follows:

    a. Petitioner's petition for writ of habeas corpus is DENIED without prejudice to its refiling following the exhaustion of any administrative remedies;

/////

b. Petitioner's motion for temporary restraining order is DENIED as having been rendered moot by this order;

2. Petitioner's motion for appointment of counsel (Doc. No. 4) is DENIED as having been rendered moot by this order; and

3. The Clerk of the Court is also directed to ENTER judgment in favor of respondent and to close this case.

IT IS SO ORDERED.

Dated: **November 24, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE